# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**CRAYTONIA BADGER**
**ADC #162710**                                                              **PLAINTIFF**

**V.**                          **NO. 2:22-cv-00159-BSM-ERE**

**G. LAY**, *et al.*                                                         **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.     Procedures for Filing Objections**

This Recommendation has been sent to United States District Judge Brian S. Miller. You may file objections if you disagree with the findings or conclusions set out in the Recommendation. Objections should be specific and include the factual or legal basis for the objection.

Objections must be filed within 14 days. If you do not object, you risk waiving the right to appeal questions of fact. If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record.

**II.    Background**

Plaintiff Craytonia Badger, an Arkansas Division of Correction ("ADC") inmate, filed this lawsuit *pro se* under 42 U.S.C. § 1983. *Doc. 2*. In his complaint, Mr. Badger alleges that ADC officials improperly destroyed the original copies of his family members' affidavits that a Mississippi state court had requested. As a result, the Mississippi state court denied his request for post-conviction relief. He

sues Warden G. Lay, Chief Director William Straughn, and Director Dexter Payne seeking both compensatory and injunctive relief. Mr. Badger is proceeding on his First Amendment access-to-court claim.[1]

On November 7, 2022, Defendants filed a motion to dismiss and brief. *Docs. 12, 13*. In response, Mr. Badger asserts only that "Defendant's Motion to Dismiss is frivolous and therefore [should] be denied." *Doc. 21*.

### III.  Legal Standard for Fed. R. Civ. P. 12(b)(6) Dismissal

To survive a motion to dismiss, a complaint must allege sufficient facts such that, when accepted as true, a facially plausible claim to relief is stated. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If a complaint fails to state a claim on which relief can be granted, dismissal is warranted. FED. R. CIV. P. 12(b)(6). When determining whether a complaint states a facially plausible claim, a district court accepts the factual allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor. *Blankenship v. USA Truck, In*c., 601 F.3d 852, 853 (8th Cir. 2010). Factual allegations must "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Mere "labels and conclusions" are insufficient, as is a "formulaic recitation of the elements of a cause of action." *Id.* at 555. Legal

---

[1] The Court previously dismissed Mr. Bader's Fourteenth Amendment due process claim. *Docs. 4, 17*.

conclusions couched as factual allegations may be disregarded. See *Iqbal*, 556 U.S. at 679.

## IV. Discussion

### A. Sovereign Immunity Bars Any Official Capacity Claims for Money Damages

A civil litigant cannot recover money damages from state actors sued in their official capacities. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). Accordingly, Mr. Badger's claims for money damages from Defendants in their official capacities are barred by sovereign immunity.

### B. Allegations Fail to State a Plausible Access-to-Court Claim

To establish an access-to-courts claim, "a prisoner must establish the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is the hindrance of a nonfrivolous and arguably meritorious underlying legal claim." *Hartsfield v. Nicols*, 511 F.3d 826, 831 (8th Cir. 2008) (internal quotations omitted).

Mr. Badger claims that Defendants destroyed the original copies of his family members' affidavits that a Mississippi state court had requested, resulting in the Mississippi state court denying his request for post-conviction relief. *Doc. 2 at 1*. However, in the very next sentence, he admits that he "received copies of the affidavits in the mail." *Id.* He also alleges that he wrote the warden and attached copies of the affidavits to his letter. *Id.* These contradictions are fatal to Mr. Badger's

assertions that Defendants hindered his ability to proceed with his Mississippi state court case. If Mr. Badger had copies of the affidavits – as he contends – then Defendants did not prevent him from providing those copies to the Mississippi court. He does not allege that the Mississippi state court would only accept original affidavits, rather than copies. In fact, public records reflect that the Mississippi court allowed Mr. Badger additional time to provide the affidavits at issue.[2] *Badger v. State*, No. 2020-M-00646 (Miss. Sup. Court. Aug. 12, 2020).[3] Notably, nothing in that record appears to require Mr. Badger to provide original affidavits to proceed with his state post-conviction proceedings.

Additionally, the Court can surmise no reason why an affidavit from Mr. Badger's family would support a post-conviction, ineffective assistance of counsel claim. Mr. Badger claims that the affidavits from friends and family would have been useful to the state-court judge when sentencing him. *Badger v. State*, No. 2020-M-00646 (Miss. Sup. Court. June 18, 2020).[4] Whether or not to call certain witnesses

---

[2] *Nelson Auto Ctr., Inc. v. Multimedia Holdings Corp.*, 951 F.3d 952, 955 (8th Cir. 2020) (quoting *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (holding that a court "may consider materials that are part of the public record or do not contradict the complaint, and materials that are 'necessarily embraced by the pleadings.'").

[3] https://www.courts.ms.gov/appellatecourts/docket/sendPDF.php?f=700_508963.pdf&c=92165&a=N&s=2 (last viewed on Jan. 9, 2023).

[4] https://www.courts.ms.gov/appellatecourts/docket/sendPDF.php?f=400_509030.pdf&c=92165&a=N&s=2 (last view on Jan. 9 2023).

4

at sentencing is a legal strategy, unlikely to rise to the level of a successful ineffective assistance claim.

Finally, contrary to Mr. Badger's assertion, his Mississippi case was dismissed because it was successive, not because of missing affidavits. *Badger*, No. 2020-M-00646 (Miss. Sup. Court. March 18, 2022) ("After due consideration, we find Badger's claims are insufficient to merit relief from the [successive writ] bars.")[5] So, the facts alleged fail to show that Defendants either: (1) deprived Mr. Badger of the opportunity to litigate his post-conviction issues; or (2) caused any actual injury to Mr. Badger. On the second point, the public record of the Mississippi case negates any contention that the affidavits provided Mr. Badger with a "nonfrivolous and arguably meritorious underlying legal claim," as required to prevail on his access-to-courts claim. See *Hartsfield*, 511 F.3d at 831.

Mr. Badger has failed to allege facts sufficient to support a plausible First Amendment access-to-courts claim.

## III.   Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1.   Defendants' motion to dismiss (*Doc. 12*) be GRANTED, and Mr. Badger's remaining claims be dismissed without prejudice.

---

[5]https://www.courts.ms.gov/appellatecourts/docket/sendPDF.php?f=700_579761.pdf&c=92165&a=N&s=2 (last viewed on Jan. 9, 2023).

2.	In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g).

3.	An *in forma pauperis appeal* of this dismissal would be frivolous and not taken in good faith.

4.	The Clerk of the Court be instructed to close this case.

Dated this 11th day of January, 2023.

_____
UNITED STATES MAGISTRATE JUDGE